*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-050

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| In re Fuller Building Permit | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | Superior Court, |
| | } | Environmental Division |
| | } | |
| | } | DOCKET NO. 141-10-13 Vtec |

Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Neighbor Elizabeth Armstrong appeals pro se from the environmental division's dismissal of her zoning appeal as improperly and untimely filed. She asks this Court to impose a stay of the ruling below. We affirm the court's decision and deny the request for a stay as moot.

Neighbor raises numerous arguments attacking the merits of a zoning permit issued to Ellen and Bradbury Fuller and other matters related to its issuance. The threshold question for this Court, however, is whether the environmental division erred in dismissing neighbor's appeal. On this issue, the record indicates the following.[1] The Fullers applied for a zoning permit in July 2013. They indicated that they sought a building/development permit to remove the current home from their property and rebuild a year-round home; they also sought permission to build a detached 10x20 single-story shed. The town zoning administrator approved their permit request on August 9, 2013. The town determined that the permit application was complete and in compliance with the provisions of § 6.3 of the town's zoning regulations. The town averred that it posted copies of the permit in the town clerk's office on August 12, 2013 in accordance with Town of Addison Zoning Regulation § 6.3(C)(4). It also represented in a sworn statement to the superior court that in accordance with 24 V.S.A. § 4449(b)(2) it mailed copies of the permits to the Fullers with instructions to post the copies in a prominent location on their property for fifteen days.

On October 28, 2013, neighbor filed an appeal with the environmental court, alleging improprieties in the way that the Fuller permits were issued, including insufficient notice to her,

---

[1] Our review is confined to the record presented below, and we have not considered materials submitted by neighbor that are outside of this record. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (Supreme Court's review on appeal is confined to the record and evidence adduced at trial; Court cannot consider facts not in the record). Given this limited scope, we deny as moot the Fullers' motion to strike certain materials from neighbor's brief.

as an abutting property owner. The court agreed with the town and the Fullers that the appeal had to be dismissed because it was improperly and untimely filed.

The environmental division concluded that notice of the issued permits was posted and no party had filed an appeal of the Fullers' zoning permit with the town's development review board within the required time period. Indeed, it noted that as of the date of its January 2014 dismissal order, no evidence had been submitted to show that an appeal had ever been filed with the DRB. The court explained that a party wishing to dispute a zoning permit issued by a zoning administrator must file a timely appeal with the appropriate municipal panel, here the Development Review Board (DRB). 24 V.S.A. § 4465(a) (requiring that appeal from "any decision or act taken by [] administrative officer" be filed with appropriate municipal panel "within 15 days of [] date of [] decision or act"). When a party fails to file a timely appeal with the appropriate municipal panel, that party is "bound by that decision or act of that officer . . . and shall not thereafter contest, either directly or indirectly, the decision or act." Id. § 4472(d). The court concluded that neighbor was required to file a timely appeal with the DRB if she wished to contest the permit issued by the zoning administrator to the Fullers. Her failure to do so foreclosed her right to challenge that permit, "either directly or indirectly." Id. The court thus dismissed the appeal.

We agree with the superior court, in part. The environmental division of the superior court is authorized to hear appeals from a municipal development review board. 24 V.S.A. § 4471; 4 V.S.A. § 34. In this case, neighbor does not deny that she has not appealed from a decision of the development review board. She contends on appeal that she sought review of the permit from the development review board, but that she then filed an appeal with the superior court when the DRB refused to act. She did not present to superior court any evidence of a refusal to act on the part of the DRB, and we cannot now consider on appeal records, not submitted below, that she contends support her claim. If it is the case that she sought review and the DRB has not ruled on the permit at issue, this case was not ripe for review by the superior court when neighbor filed her appeal, or even when the superior court issued its entry order dismissing the appeal. On that basis alone, we affirm the superior court's dismissal.

We do not reach the question of whether neighbor filed a timely appeal with the DRB— or whether neighbor filed an appeal with the DRB at all. Neighbor argues that she did file an appeal with the DRB, and that her appeal was timely because she had not received the notice due her under the applicable rules given the true nature of the permit at issue. In particular, she argues that the Fullers were required to obtain a conditional use permit, which would have required a warned public hearing and direct notice to her as an adjoining landowner. See 24 V.S.A. § 4464(a); see also Town of Addison Zoning Regulations §§ 5.1-5.2. The town zoning regulations state that "[t]he conversion of a seasonal dwelling (camp) to a year-round dwelling within the Shoreland Residential or Recreation Districts shall be subject to conditional use review," and subject to other additional requirements as well. Town of Addison Zoning Regulations § 3.2(B). Neighbor contends on appeal that the zoning permit issued by the Town was never properly posted by applicants. The town suggests otherwise, arguing that even if neighbor's appearance before the DRB constituted an appeal, it was untimely.

We need not decide here whether the notice provided to neighbor was inadequate, whether there is an appeal pending before the DRB, and, if so, whether neighbor filed her appeal

2

request timely.  The evidence presented to the superior court is inadequate to enable us to answer these questions.[2]

The environmental division correctly concluded that it lacked jurisdiction over neighbor's appeal of this particular permit because the DRB has not ruled on the matter.  See 24 V.S.A. § 4472(d).  Because the environmental division lacked jurisdiction over neighbor's appeal, it did not reach the merits of her claims concerning the permit and other matters.  As we affirm the dismissal, we similarly do not reach these issues.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2]  Given our understanding that applicant has subsequently applied for and obtained a conditional use permit for the conversion of the house to a year-round dwelling, it seems likely that further proceedings before the DRB in connection with the initial permit will be moot.  We do not, however, rule on that question.